**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-13-00357-001-TUC-RCC (DTF) |
| Plaintiff, | **ORDER** |
| v. | |
| Christopher Franklin Rogers, | |
| Defendant. | |

Pending before the court is Christopher Franklin Rogers' Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. 79.)[1] The Court will grant the motion.

## I. FACTUAL AND PROCEDURAL HISTORY

Rogers pled guilty to possession with intent to distribute marijuana and on September 3, 2013, the Court sentenced to 36 months' incarceration with 3 years' supervised release to follow. (Doc. 29.) On July 8, 2016, the United States Probation Office ("USPO") filed a petition to revoke supervised release. (Doc. 32.) Rogers admitted to violating the terms of his release (Doc. 41), and on November 15, 2016, the Court sentenced him to 10 months' incarceration with 24 months' supervised release. (Doc. 46.) Then on November 14, 2017, the USPO filed a second petition to revoke (Doc. 47), and

---

[1] Also pending is Rogers' previously submitted a letter that the Clerk of Court construed as a motion for sentence reduction. (Doc. 55.) However, "[a]n amended motion supersedes an original motion" and "after amendment, the Court [treats] an original motion as nonexistent." *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). The Court will therefore deny the pro se motion as moot.

then a superseding petition on July 31, 2018 (Doc. 49). An arrest warrant was executed on April 9, 2020 (Doc. 54, 58) while Rogers was being held in the Eastern District of Kentucky on three other charges for trafficking in controlled substances, and possession of marijuana and paraphernalia. (Doc. 56 at 4.)

Rogers' sentence in Kentucky was commuted April 6, 2020 based on similar grounds requested here. (Doc. 71 at 1; Doc. 79-2 at 2-3.) Rogers was then detained in this matter (Minute Entry, July 22, 2020), admitted to violating his terms of release (Doc. 65), and was sentenced to an additional 11 months of incarceration with 12 months of supervised release. (Doc. 74.) The Government states his projected release date is in March 2021. (Doc. 87 at 1.) Rogers asks this Court to grant him early release because his health issues place him at a higher risk for serious complications from Covid-19. (Doc. 79.)

## II. STANDARD OF REVIEW

Rogers' motion is brought under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A) as amended by the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. The statute allows the court to modify a sentence "upon motion of the Director of the Bureau of Prisons," or upon a defendant's motion after he or she has exhausted all administrative remedies. 18 U.S.C. § 3582(c)(1)(A). The U.S. Sentencing Commission explains:

> [T]he court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
> (1)     (A) extraordinary and compelling reasons warrant the reduction; or
>
>         (B) the defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;
>
> (2)     the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

(3)   the reduction is consistent with this policy statement.

U.S.S.G. 1B1.13 (2018). However, even if a defendant is eligible, a court has discretion to deny compassionate release. *See United States v. Chambliss*, 948 F.3d 691, 693-94 (5th Cir. 2020); *United States v. Mangarella*, No. 06-CR-151, 2020 WL 1291835, at *2–*3 (W.D.N.C. Mar. 16, 2020).

### III.   ADMINISTRATIVE EXHAUSTION

As a threshold matter, a court may only reduce a term of imprisonment upon a motion for compassionate release by the defendant if he first exhausts his administrative remedies or at least thirty days lapse from the date the defendant requests that the warden file such a motion on his behalf. 18 U.S.C. § 3582(c)(1)(A). Rogers alleges – and the Government does not rebut – that he has exhausted his administrative remedies. (*See* Doc. 87 at 8.) The Court will therefore review the merits of the motion.

### IV.   § 3553(A) FACTORS

After deciding exhaustion, courts must consider the factors outlined in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. 1B1.13. These factors include "the nature and circumstances of the offense and the history and characteristics of the defendant; the purposes of sentencing; the kinds of sentences available; the sentences and ranges established by the Sentencing Guidelines; relevant policy statements issued by the Sentencing Commission; the need to avoid unwarranted sentencing disparities among similarly situated defendants; and the need to provide restitution to victims." *United States v. Trujillo*, 713 F.3d 1003, 1008 (9th Cir. 2013).

The Government claims that the § 3553(a) factors weigh against release but provides scant argument, merely stating the Court should consider where Rogers would be safer; incarcerated or in a Residential Re-entry center. (Doc. 87 at 15.) Rogers has provided a response by the United States District Court Probation Office indicating that a Residential Re-entry program was the most viable option. (Doc. 79-1.)  He also states that he will be eligible for ACCCHS upon release and he can hold down a job. (Doc. 79 at 7.)

The Court finds that given the commutation in Kentucky and the limited time

- 3 -

remaining on Rogers' revocation sentence, the § 3553 factors weigh in his favor. Furthermore, the Court cannot find that participating in a Residential Re-entry program would be more dangerous to Rogers' health and those around him than incarceration.

### V. EXTRAORDINARY AND COMPELLING REASONS FOR RELEASE

A court's reduction of a sentence under the compassionate release statute is extraordinary and reserved for "compelling circumstances which could not reasonably have been foreseen by the court at the time of sentencing." *See* 28 C.F.R. § 571.60 (2000). Although not foreseen, the "mere existence" of Covid-19 is not enough alone to justify compassionate release. *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020); *see also United States v. Roeder*, 807 F. App'x 157, 160–61 (3d Cir. 2020) ("[T]he existence of a widespread health risk is not, without more, a sufficient reason for every individual subject to a properly imposed federal sentence of imprisonment to avoid or substantially delay reporting for that sentence."). Moreover, reducing a sentence because of medical issues is "a rare event." *United States v. Johns*, No. CR 91-392-TUC-CKJ, 2019 WL 2646663, at *2 (D. Ariz. June 27, 2019) (quoting *White v. United States*, 378 F. Supp. 3d 784, 786 (W.D. Mo. 2019).

The U.S. Sentencing Commission explains that "extraordinary and compelling" reasons may exist if the defendant is suffering from a terminal illness or from a serious physical or medical condition that "substantially diminishes the ability of the defendant to provide self-care within the environment of the correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, cmt. 1(A). Alternatively, "extraordinary and compelling" reasons may exist if the defendant is at least 65 years old, experiences "serious deterioration in physical or mental health" caused by the aging process and has served at least 10 years or 75% of his sentence. U.S.S.G. § 1B1.13, cmt. 1(B). Moreover, there is a catchall provision allowing an extraordinary or compelling reason other than, or in combination with, the reasons" stated above, as defined by the Bureau of Prisons. U.S.S.G. § 1B1.13 cmt. 1(D).

Defendant claims that his cardiomegaly (enlarged heart), hypertension, high

cholesterol, COPD, asthma, and obesity are extraordinary and compelling reasons which, combined with the Covid-19 pandemic, warrant early release. (Doc. 79 at 3.) He alleges the Bureau of Prisons has been unable to control his hypertension with medication. (Doc. 79 at 5; *see* Doc. 83 at 6 (blood pressure ("bp") 147/88 on Aug. 20, 2020); *id.* at 11 (bp 156/97 on Apr. 9, 2020); *id.* at 14 (bp 174/88 on Dec. 5, 2019.) He suffers from chest pain and breathing difficulties.

The Government asserts that Rogers' obesity does not present an extraordinary or compelling reason warranting release. (Doc. 87 at 12-15.) The Government appears to argue that although Rogers' BMI is over 30, it is self-inflicted because CCA placed him on a specialized "diet for health" which he refused. (Doc. 87 at 13; Doc. 83 at 5 (July 8, 2020 assessment: "He states the food is 'mush' when he gets it and prefers regular food[.] Requesting to stop diet." (Doc. 83 at 9 (on regular diet May 21, 2020)). In general, Rogers' obesity does not undermine his contention that his weight presents an extraordinary or compelling reason for release because inmates typically cannot control what foods they are given. However, in Roger's circumstance, he has been provided a diet that could help with weight loss and declined.

Regardless of his lifestyle choices, "what matters is that Defendant's medical condition places him on the CDC's list of people at increased risk of severe illness from COVID-19——a list which courts around the country have used as a guidepost for determining whether extraordinary and compelling reasons exist in COVID-19 compassionate release cases." *United States v. Henderson*, No. 15-0329 (ES), 2020 WL 5055081, at *4 (D.N.J. Aug. 26, 2020) (citing *United States v. Dent*, No. 18-20483, 2020 WL 4783921, at *3 (E.D. Mich. Aug. 17, 2020)). According to the Center for Disease Control, hypertension, COPD, asthma, and obesity are four factors that may increase a person's risk for developing severe complications from Covid-19. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/evidence-table.html (strong evidence of increased risk of severe illness from Covid-19 for COPD and obesity, mixed evidence of increased risk for asthma and hypertension) (last visited Nov. 9, 2020).

      The Court finds that Rogers' hypertension and obesity are serious physical conditions for which he is unlikely to recover and in conjunction with the Covid-19 pandemic qualify as "extraordinary" and "compelling" circumstances that could not have been foreseen at the time of sentencing.

## VI.   DANGER TO THE COMMUNITY

      A defendant bears the burden of demonstrating that he poses no danger to the community upon release. *See* USSG § 1B1.13; 18 U.S.C. § 3142(g). Rogers is not a violent offender and does not pose a danger to the community.

      Accordingly,

      IT IS ORDERED Christopher Franklin Rogers' Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A) is GRANTED. (Doc. 79.)

      IT IS FURTHER ORDERED Rogers' pro se Motion for Sentence Reduction is DENIED as moot. (Doc. 55.)

      IT IS FURTHER ORDERED pursuant to 18 U.S.C. § 3582(c)(1)(A), that Roger's sentence of 11 months' incarceration for revocation of supervised release (Doc. 74) is reduced to time served effective the date of this Order.

      IT IS FURTHER ORDERED that before being released from the custody of the Federal Bureau of Prisons (BOP), the defendant shall submit to a 7-day quarantine, which may include sequestration in the Special Housing Unit. After the 7-day quarantine, the defendant shall submit to a health screening by BOP and, if the defendant is found to be exhibiting symptoms consistent with COVID-19 or he is confirmed to have COVID-19, the defendant shall not be released to the public absent further order of the Court.

///

///

       IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 3582(c)(1)(A), which states the Court may "impose a term of . . . supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment," that Roger's sentence of imprisonment shall be followed by a term of 12 months' supervised release, and with the following conditions:

    a.    The terms of such supervised release shall be the same as the terms of supervised release specified in the August 12, 2020 judgment and commitment order (Doc. 74), with certain exceptions.

        1.    During the period of supervised release, the defendant shall comply with national, state, and local public-health orders regarding Covid-19.

        2.    Upon release Rogers' shall participate in a Residential Re-entry program.

        3.    Rogers must report to the probation office within 72 hours of release.

Dated this 30th day of November, 2020.

_____
Honorable Raner C. Collins
Senior United States District Judge